UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNION CAPITAL, LLC

                **Plaintiff,**

-against-

SULTAN CAPITAL GROUP, LLC a
New York Limited Liability Corporation
and GUY SULTAN

                **Defendants.**
----------------------------------------------------------X

Case 21-CV-1741

AFFIRMATION IN SUPPORT

Henry Kohn, Esq., as attorney duly admitted to practice law in the courts of the State of New York, affirms the following to be true under the penalties of perjury:

1. That your affirmant is the attorney for Defendants, Sultan Capital Group LLC and Guy Sultan (hereinafter known as Defendants") and as such, I am fully familiar with the facts and circumstances of this case.

2. That this is an action for breach of contract and other causes of action. Your affirmant was retained by Defendants to represent them in this action.

3. On September 14, 2021, this Court has granted the movants request for leave of Court to file the instant motion to withdraw as attorney for the Defendants herein.

4. The basis for the instant motion to be relieved is premised upon the fact that the Defendant has failed to: return my phone calls; respond to emails; produce all of the documents requested in response to discovery demands and has failed to maintain and pay their legal fees in order to allow this office to properly represent the defendants.

5. Rule 1.4 provides that: An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and

the posture of the case, including its position, if any, on the calendar. See Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

6. It is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out such employment effectively." Stephen Eldridge Realty Corp. v. Green, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); see Bok v. Werner, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1 Dep't 2004); Johns-Manville Sales Corp. v. State Univ. Constr. Fund, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995).

7. Moreover, where a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted. See Lake v. M.P.C. Trucking Inc., 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001) ("Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation"); Kraus v. Botti, 699 N.Y.S.2d 189, 190 (3d Dep't 1999); Ashkar v. International Business Machines Corp., 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); see also Valente v. Seiden, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out her employment effectively"). Indeed, "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." Casper v. Lew Lieberbaum & Co., 1999 WL 335334, at *4 (S.D.N.Y. 1999)

8. No previous application for the relief sought herein has been made to this Court or any other court.

WHEREFORE, it is respectfully requested that this Court grant an Order pursuant to, permitting Henry Kohn, Esq., attorney to withdraw as counsel for the Defendants, Sultan Capital Group LLC and Guy Sultan, and that this action be stayed for a period of thirty days to allow the Defendants to seek new counsel to represent their interests in this matter and for such other and further relief as this court deems just and proper.

Brooklyn, New York
September 24, 2021

_____
Henry Kohn, Esq.